UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| LOL FINANCE CO., a Minnesota Corporation, | ) ) ) Case No. |
| Plaintiff, | ) ) ) **VERIFIED COMPLAINT** |
| v. | ) ) ) |
| DALE W. AUWAERTER; ELLA M. AUWAERTER; KIM IRVIN; CHERYL IRVIN; BARON ROUGE, LLC, an Iowa Limited Liability Company; JASON KLUG; JACQUELINE KLUG; and CONNIE KLUG, | ) ) ) ) ) ) ) |
| Defendants. | ) ) |

COMES NOW Plaintiff LOL Finance Co. and, for its Compliant against Defendants Dale W. Auwaerter, Ella M. Auwaerter (together, the "Auwaerters"), Kim Irvin; Cheryl Irvin (together with Kim Irvin, the "Irvins"); Baron Rouge, LLC ("Baron Rouge"), Jason Klug, Jacqueline Klug, and Connie Klug (together with Jason Klug and Jaque Klug, the "Klugs," and collectively with the Auwaerters, the Irvins, and Baron Rouge, the "Defendants") to foreclose a mortgage, to quiet title, and for a writ of replevin, alleges as follows:

**I.    PARTIES**

1.      LOL Finance Co. ("LOLFC") is a Minnesota corporation with its principal place of business located in Arden Hills, Minnesota, that conducts business in the State of Iowa. For the purposes of diversity jurisdiction, LOLFC is a citizen of Minnesota.

2.      Defendant Dale W. Auwaerter is, upon information and belief, a citizen of the State of Iowa currently residing in Montrose, Lee County, Iowa.

3. Defendant Ella M. Auwaerter is, upon information and belief, a citizen of the State of Iowa currently residing in Montrose, Lee County, Iowa.

4. Defendant Kim Irvin is, upon information and belief, a citizen of the State of Iowa currently residing in Keokuk, Lee County, Iowa.

5. Defendant Cheryl Irvin is, upon information and belief, a citizen of the State of Iowa currently residing in Keokuk, Lee County, Iowa.

6. Defendant Jason Klug, upon information and belief, is a citizen of the District of Columbia currently residing in Washington, District of Columbia.

7. Defendant Jacqueline Klug, upon information and belief, is a citizen of the State of Washington currently residing in Seattle, King County, Washington.

8. Defendant Connie Klug, upon information and belief, is a citizen of the State of Iowa currently residing in Adel, Dallas County, Iowa.

9. Defendant Baron Rouge, LLC is, upon information and belief, an Iowa limited liability company with is principal place of business in Lee and Van Buren Counties, Iowa. Jason Klug, Jacque Klug, and Connie Klug are the members and managers of Baron Rouge. For the purposes of diversity jurisdiction, Baron Rouge is a citizen of the District of Columbia, the State of Iowa, and the State of Washington.

## II. JURISDICTION AND VENUE

10. For the purposes of diversity, Plaintiff is a citizen of the State of Minnesota. For the purposes of diversity, the Defendants are citizens of the District of Columbia, the State of Iowa, and the State of Washington.

11. The amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

12. Venue in this judicial district is proper because a substantial part of property that is the subject of the action is situated in Lee and Van Buren Counties, Iowa, which lie within this judicial district.

### III. FACTUAL BACKGROUND

**Line of Credit.**

13. In May 2022, LOLFC agreed to provide the Auwaerters with a line of credit in the amount of $3,000,000.00 to finance their farming operation in Iowa ("Line of Credit"). To implement the Line of Credit, the Auwaerters executed and delivered to LOLFC a Business Loan Agreement and Promissory Note dated May 23, 2022 (the "Line of Credit Note"), under which they jointly and severally promised to pay LOLFC the principal sum of $3,000,000.00, plus interest at the rate of 4.900% per year, pursuant to a payment schedule that required quarterly payments of accrued interest beginning on July 1, 2022, and payment of all principal and any remaining interest on or before April 1, 2023. A true and correct copy of the Line of Credit Note is attached as **Exhibit A**.

14. The terms of the Line of Credit were modified in November 2024. To implement the modification, the Auwaerters executed and delivered to LOLFC a Change in Terms Agreement dated November 21, 2024, (the "November 2024 Change in Terms Agreement") under which they jointly and severally promised to pay LOLFC the principal sum of $3,000,000.00, plus interest at the rate of 9.350% per year, pursuant to a payment schedule that required quarterly payments of accrued interest beginning on December 31, 2024, and payment of all principal and any remaining interest on or before April 1, 2025. A true and correct copy of the November 2024 Change in Terms Agreement is attached as **Exhibit B**.

**Term Loan.**

15. At the time it agreed to provide the Auwaerters with the Line of Credit, LOLFC also agreed to provide the Auwaerters with a term loan in the amount of $8,216,725.00 to finance their farming operation ("Term Loan"). To implement the Term Loan, the Auwaerters executed and delivered to LOLFC a Business Loan Agreement and Promissory Note dated May 23, 2022 (the "Term Loan Note"), under which they jointly and severally promised to pay LOLFC the principal sum of $8,216,725.00, plus interest at the rate of 5.990% per year, in nineteen, semi-annual installment payments, each in the amount of $416,534.75, beginning on October 15, 2022, and ending on October 15, 2031, and one final payment of all remaining principal and interest on or before April 15, 2032. A true and correct copy of the Term Loan Note is attached as **Exhibit C**.

**Security Interest.**

16. The Line of Credit and Term Loan are secured by a Commercial Security Agreement dated May 23, 2022 (the "Security Agreement"), under which the Auwaerters granted LOLFC a security interest in certain assets owned or acquired by them in the future, including all livestock, crops, inventory, equipment, machinery, fixtures, general intangibles, accounts, rights to payment, instruments and all products of and proceeds from the foregoing assets (collectively, the "Collateral"). A true and correct copy of the Security Agreement is attached as **Exhibit D**. LOLFC properly perfected its security interest in the Collateral by filing a UCC-1 Financing Statement with the Iowa Secretary of State on May 31, 2022, as File No. X22042019-7, a true and correct copy of which is attached as **Exhibit E**.

17. The Auwaerters have not allowed LOLFC to examine and make an inventory of all articles included in the Collateral.

18. Accordingly, the actual value of the Collateral is unknown at this time.

19. Pursuant to the Security Agreement, upon default LOLFC is entitled to possession of the Collateral, and has full power to take possession of and remove the Collateral.

**Mortgages.**

20. The Line of Credit and Term Loan are further secured by a lien against approximately 540.24 acres of real property located in Van Buren County, Iowa ("Van Buren County Property"), created by a Mortgage executed and delivered by the Auwaerters to LOLFC on May 23, 2022, and recorded with the Van Buren County Recorder on May 31, 2022, as Instrument No. 2022 612, a true and correct copy of which is attached as **Exhibit F**. The Van Buren County Property is described in Exhibit F, subject to the partial release of collateral attached as **Exhibit G**. A total of 540.24 acres of land in Lee County remains subject to LOLFC's mortgage.

21. The Line of Credit and Term Loan are further secured by a lien against approximately 1,613.56 acres of real property located in Lee County, Iowa ("Lee County Property"), created by a Mortgage executed and delivered by the Auwaerters to LOLFC on May 23, 2022, and recorded with the Lee County Recorder on June 1, 2022, as Document No. 2022 2244, a true and correct copy of which is attached as **Exhibit H**. The Lee County Property is described in Exhibit H, subject to the partial release of collateral attached as **Exhibit I**. A total of 1,574.31 acres of land in Lee County remains subject to LOLFC's mortgage.

22. In February 2025, with LOLFC's consent, the Auwaerters sold approximately 39.25 acres of the Lee County Property. LOLFC recorded a Partial Release of Mortgage of its mortgage lien against the 39.25 acre parcel to accommodate the sale.

**Defaults.**

23. The Auwaerters defaulted on their contractual obligations to LOLFC under the Line of Credit by failing to pay all principal and remaining interest on or before April 1, 2025.

24. The Auwaerters defaulted on their contractual obligations to LOLFC under the Term Loan by failing to make the full amount of the installment payment due on April 15, 2025.

25. On June 26, 2025, LOLFC sent a letter to the Auwaerters notifying them of their defaults under the Line of Credit and Term Loan.

26. On July 25, 2025, LOLFC obtained a Mandatory Mediation Release under Iowa Code Chapter 654 from the Iowa Mediation Service based upon the Auwaerters' failure to participate as prescribed by the rules established under Iowa Law. A copy of the Mandatory Mediation Release is attached as **Exhibit J**.

27. Although the Auwaerters have agreed to various sales of real property to reduce the obligations to LOLFC, those sales have not yet closed and the Auwaerters failed to cure their defaults under the Line of Credit or Term Loan.

**Balances Due Under Line of Credit and Term Loan.**

28. As of September 17, 2025, the following amounts were due to LOLFC under the Line of Credit and Term Loan:

|   | Line of Credit | Term Loan | Total |
|---|---|---|---|
| Principal | $1,230,677.07 | $7,136,654.25 | $8,367,331.32 |
| Interest | $23,556.53 | $180,363.78 | $203,920.31 |
| Grand Total | $1,254,233.60 | $7,317,018.03 | $8,571,251.63 |

29. Interest under the Line of Credit and Term Loan has accrued since September 17, 2025, and will continue to accrue in the future, at the following daily rates:

| Loan | Daily Rate |
|---|---|
| Line of Credit | $300.08 |
| Term Loan | $1,171.19 |
| Total | $1,471.27 |

30. To date, the Auwaerters have not paid the obligations owing to LOLFC, have not delivered the Collateral to LOLFC, and have not delivered possession of the Van Buren County Property or the Lee County Property to LOLFC.

4899-6487-3577\2

31. LOLFC has accelerated all indebtedness owed to it under the Line of Credit and the Term Loan.

**Interests of the Irvins, Baron Rouge, and the Klugs.**

32. The Irvins, Baron Rouge, Jason Klug, Jacquline Klug, and Connie Klug (together with Baron Rouge, Jason Klug, Jacquline Klug, the "Klug Defendants") each assert a remainderman interest (the "Remainder Interest") in the Lee County Property and the Van Buren County Property.

33. The Remainder Interest was purportedly created by a 1996 agreement (the "1996 Agreement") which allegedly prohibits transfer of the real property subject to the Remainder Interest pursuant to an "exchange agreement" with Dale Auwaerter having promised to (i) bequeath real property in Cedar and Harrisburg Townships in Van Buren County and Cedar Township in Lee County to Jason Klug and Jacquline Klug and (ii) bequeath the remainder of the Lee County Property and the Van Buren County Property to Kim Irvin.

34. The 1996 Agreement is not recorded in the land records for Lee County, Iowa, or Van Buren County, Iowa.

35. At the time LOLFC made its loan and obtained its mortgages, LOLFC did not know of the Remainder Interest and was not aware of sufficient facts that would cause it to inquire into the existence of the Remainder Interest.

36. LOLFC provided fair consideration for its mortgages.

**FIRST CLAIM FOR RELIEF**
**(Recovery of Collateral—Against the Auwaerters)**

37. LOLFC incorporates herein by reference all previous paragraphs as though set forth in full herein.

4899-6487-3577\2

38. Due to the Auwaerters' default, LOLFC's ownership of the Collateral is full and unqualified.

39. The Collateral was not taken on the order or judgment of a court against LOLFC, nor under an execution or attachment against LOLFC or against the Collateral.

40. Upon information and belief, the Auwaerters are in actual possession of the Collateral, and LOLFC does not know upon what facts the Auwaerters are detaining the Collateral.

41. LOLFC is entitled to judgment for possession of the Collateral.

42. LOLFC believes it should be permitted to recover damages in the amount of the actual value of the Collateral plus damages for the unlawful detention of the Collateral and any damage to the Collateral, all of which damages are no less than the amount owed to LOLFC under the Line of Credit and the Term Loan.

## SECOND CLAIM FOR RELIEF
### (Foreclosure of Mortgages—Against All Defendants)

43. LOLFC incorporates herein by reference all previous paragraphs as though set forth in full herein.

44. Based upon the events of default and the Auwaerters' failure and refusal to pay the amounts due under the Line of Credit and Term Loan, LOLFC is entitled to foreclose the lien against the Van Buren County Property and the Lee County Property created by the mortgages.

45. LOLFC is entitled to entry of a deficiency judgment against the Auwaerters, jointly and severally, for any remaining amounts due under the Line of Credit and Term Loan after the application of the proceeds recovered by LOLFC from the sale of the Collateral, the Van Buren County Property, and the Lee County Property.

46. The note and mortgage provide for attorney's fees in case of an action thereon.

47. The mortgages provide for payment of the cost of any abstract procured for the purposes of foreclosure, and LOLFC has procured such abstract at LOLFC's expense.

### Third CLAIM FOR RELIEF
### (Quiet Title—Against the Irvins and the Klug Defendants)

48. LOLFC incorporates herein by reference all previous paragraphs as though set forth in full herein.

49. LOLFC is credibly informed and believes that the Irvins and the Klug Defendants make some claim to the Lee County Property and the Van Buren County Property adverse and superior to LOLFC's mortgages and the rights derived therefrom, including LOLFC's absolute ownership following judicial foreclosure of LOLFC's mortgages.

50. The Irvins and the Klug Defendants' adverse claims are without right, but constitute clouds on LOLFC's title, which LOLFC desires to remove.

51. LOLFC is entitled to judgment subordinating the Remainder Interest to LOLFC's mortgages and quieting title in the Lee County Property and the Van Buren County Property in favor of LOLFC.

WHEREFORE, Plaintiff LOL Finance Co. prays for:

1. Judgment against Defendants Dale W. Auwaerter and Ella M. Auwaerter for $8,571,251.63, with interest at the daily rate of $1,471.27 per day from and including September 2, 2025, and for costs including attorneys' fees and costs;

2. A Writ of Replevin against Defendants Dale W. Auwaerter and Ella M. Auwaerter awarding the right to possession of the Collateral at issue herein to LOLFC and for damages for the unlawful detention of the Collateral and any damage to the Collateral; or if the Collateral cannot be returned to LOLFC, an award of damages in the amount of the actual value of the Collateral plus damages for the unlawful detention of the Collateral and any damage to the Collateral;

      3.      Judgment against all Defendants and the lien of the mortgage be established and confirmed as a first and paramount lien upon the real estate described above, senior and superior to the rights, title, interests, liens or claims of each and every Defendant to this suit, and be foreclosed against all Defendants, who be forever barred and estopped from having any right, title or interest in the lands save only such statutory rights of redemption from the sheriff's sale as are given by law; that a special execution issue for the sale of the premises accordingly, and unless statutory redemption be made, a sheriff's deed issue to the purchaser or the purchaser's assigns, conveying the absolute title thereto against all Defendants and all persons claiming by, through or under any of them; and that a writ of possession then issue forthwith to put such grantee in immediate possession of the entire premises;

      4.      Judgment against Kim Irvin; Cheryl Irvin, Baron Rouge, LLC, Jason Klug, Jacqueline Klug, and Connie Klug subordinating their interests to LOLFC's mortgages; and

      5.      Any other or further relief that this Court deems just and proper.

Date: <u>October 6, 2025</u>

/s/ William J. Miller
William J. Miller, AT0005414
DORSEY & WHITNEY LLP
801 Grand Avenue, Suite 4100
Des Moines, IA 50309
Tel: (515) 283-1000
Fax: (515) 864-0330
E-mail: miller.william@dorsey.com
**ATTORNEY FOR PLAINTIFF
LOL FINANCE CO.**

## VERIFICATION

I, Daniel L. Glienke, state that I am the Chief Executive Officer of LOL Finance Co. (hereinafter "LOLFC"), and that I have read the foregoing Verified Complaint, including with respect to a writ of replevin, a request for foreclosure of certain mortgages and a request to quiet title to certain property, and that the matters set forth therein are all either (1) known to me to be true based upon my own personal knowledge, or (2) believed by me to be true based upon information obtained by me from the ordinary business records of LOLFC and from other sources in the regular and normal performance of my duties or in the course of preparing the Verified Complaint. In addition, Exhibits A-J of the Verified Complaint are all true and correct copies of documents maintained by LOLFC in the ordinary course of its business.

_____
Daniel L. Glienke
Chief Executive Officer
LOL Finance Co.

STATE OF MINNESOTA   )
                     ) ss.
COUNTY OF RAMSEY     )

Subscribed and sworn to before me on this 30th day of September, 2025, by Daniel L. Glienke, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal.

_____
Notary Public for the State of Minnesota

Jonathan C. Miesen
Notary Public
Minnesota
My Commission Expires Jan. 31, 2030

11

4899-6487-3577\2